IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS COMPANY L.P., )
)
Plaintiff, )
) CIVIL ACTION
v. )
) No. 05-2168-KHV
MUSHAHADA INTERNATIONAL USA, INC., )
)
Defendant. )
_____)

## MEMORANDUM AND ORDER

Sprint Communications Company L.P. filed suit against Mushahada International USA, Inc. for breach of contract. This matter is before the Court on Defendant's Motion To Dismiss (Doc. #4) filed May 5, 2005. For reasons set forth below, the Court overrules defendant's motion.

## Legal Standards

The standard which governs a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., is well established. Plaintiff bears the burden of establishing personal jurisdiction over defendant. See OMI Holdings v. Royal Ins. Co. of Can., 149 F.3d 1086, 1091 (10th Cir. 1998). The Court has discretion to consider a motion to dismiss for lack of personal jurisdiction based on affidavits and other written material. See Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984), cert. denied, 471 U.S. 1010 (1985). On a motion to dismiss, plaintiff must make only a prima facie showing of jurisdiction to avoid dismissal. See Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). Eventually, plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. Until such a hearing, a prima facie showing suffices,

notwithstanding any contrary evidence by the moving party. See Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 456 (10th Cir. 1996). If defendant challenges the jurisdictional allegations, plaintiff must support those allegations by competent proof of the supporting facts. Pytlik v. Prof'l Res., Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989). All factual disputes are resolved in plaintiff's favor. See id. Further, the allegations in the complaint must be taken as true unless controverted by defendant's affidavits. Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000).

## Factual Background

On December 29, 2003, Sprint Communications Company L.P. ("Sprint") and Mushahada International USA, Inc. ("Mushahada") entered into a credit agreement under which Sprint extended credit to Mushahada. The credit agreement included a forum selection clause which indicated that in the event of a dispute under the agreement, the proper venue and site of any legal action would be "the District Court of Johnson County, Kansas or the U.S. District Court for the District of Kansas located in Wyandotte County, Kansas."

On February 9, 2004, Sprint and Mushahada entered into the "Sprint Wholesale Master Services Agreement" ("SWMSA") which allowed plaintiff to resell defendant's telecommunications services to individuals. The SWMSA included a provision that the agreement is governed by "the laws of the State of Kansas" and that in the event a dispute under the agreement is submitted to arbitration, the arbitration must be held in Overland Park, Kansas and that any discovery would be governed by the local rules of the District of Kansas. The SWMSA did not include a forum selection clause for court actions. The parties negotiated the SWMSA in New York and defendant made payments under the agreement to

plaintiff's office in New Jersey or New York. Defendant did not advertise or solicit customers in Kansas, and it has no customers in Kansas. Sprint managed, operated and monitored from Kansas the telecommunications network available to Mushahada in the SWMSA. Each invoice from Sprint to Mushahada included a notice that Mushahada was subject to jurisdiction in Kansas under subsection (b)(11) of the Kansas long-arm statute because "it arranged for or continued to receive phone service managed, operated or monitored in the State of Kansas." Exhibit 1 to Affidavit of Jake T. Gadson, attached to Memorandum Of Sprint Communications Co. L.P. In Response To Defendant's Motion To Dismiss (Doc. #7) filed May 30, 2005.

On March 24, 2005, in the District Court of Johnson County, Kansas, Sprint filed suit against Mushahada for breach of contract. On April 28, 2005, Mushahada removed the case to federal court. Mushahada asserts that the Court must dismiss Sprint's complaint for lack of personal jurisdiction or in the alternative, transfer the case to the Eastern District of New York.

## Analysis

### I.   Motion To Dismiss

Defendant argues that this Court lacks personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). Specifically, defendant argues that the Kansas long-arm statute does not confer personal jurisdiction over it and that constitutional due process requirements cannot be met. The Court analyzes Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction over a nonresident defendant with a two-part test. First, defendant's conduct must fall within a provision of the Kansas long-arm statute, K.S.A. § 60-308. Kansas courts construe the long-arm statute liberally to allow personal jurisdiction over nonresident defendants to the full extent permitted by the limitations of due process. Volt Delta Res. Inc. v. Devine, 241 Kan. 775,

777, 740 P.2d 1089, 1092 (1987). Second, defendants must have sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. See Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1357 (10th Cir. 1990).

### A. Kansas Long-Arm Statute

Defendant asserts that personal jurisdiction in this case is not proper under the Kansas long-arm statute. K.S.A. § 60-308(b) provides, in part:

> **Submitting to jurisdiction – process**. Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
> (1) Transaction of any business within this state;
> \*\*\*
> (5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state; [and]
> \*\*\*
> (11) entering into an express or implied agreement, whether by contract, tariff or otherwise, with a corporation or partnership, either general or limited, residing or doing business in this state under which such corporation or partnership has supplied transportation services, or communication services or equipment including, without limitation, telephonic communication services, for a business or commercial user where the services supplied to such user are managed, operated or monitored within the state of Kansas, provided that such person is put on reasonable notice that arranging or continuing such transportation services or telecommunication services may result in the extension of jurisdiction pursuant to this section.

Kan. Stat. Ann. § 60-308(b).

Plaintiff asserts that personal jurisdiction over defendant is proper under subsections (b)(1), (5) and (11) of the Kansas long-arm statute. Defendant maintains that neither party performed the SWMSA in Kansas, that it did not resell its services in Kansas, and that it did not send payment to Sprint in Kansas. Nevertheless, defendant's activities fall within subsections (b)(5) and (b)(11) of the Kansas long-arm

-4-

statute. Under subsection (b)(5), Mushahada contracted with Sprint to purchase Sprint's telecommunication services and thus entered into a contract with a resident of Kansas. Sprint manages its telecommunications network in Kansas and thus the contract had to be performed at least "in part" in Kansas. Thus the agreement satisfies the requirements of subsection (b)(5).

Subsection (b)(11) also encompasses defendant's conduct. First, Mushahada entered into the SWMSA with Sprint, which does business in Kansas. Second, the SWMSA provides communication services. Third, Mushahada is a business or commercial user. Fourth, Sprint manages and operates the services under the SWMSA from Kansas. Finally, Mushahada was on reasonable notice that this transaction could result in jurisdiction within Kansas. Each invoice from Sprint to Mushahada included a notice that Mushahada was subject to jurisdiction in Kansas under subsection (b)(11) of the Kansas long-arm statute because "it arranged for or continued to receive phone service managed, operated or monitored in the State of Kansas." Exhibit 1 to Gadson Affidavit.

For these reasons, Mushahada's conduct falls within the Kansas long-arm statute.

B. Due Process

Under the due process prong, the Court must find "minimum contacts" between the nonresident defendant and the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). This standard may be met in two ways. First, if defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws," then specific jurisdiction exists. Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532 (10th Cir. 1996) (citation omitted). Second, if "defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the

defendant's contacts with the state," then general jurisdiction exists. Id. at 1533 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 & n. 9 (1984)).  In both instances, jurisdiction in the particular case must be reasonable so as not to offend traditional notions of fair play and substantial justice. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).  In addition, defendant must be able to reasonably anticipate being haled into court in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  The Supreme Court has noted, however, that "because modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity, it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity." Id. at 474 (quotations and citation omitted).

Defendant contends that the exercise of personal jurisdiction by this Court cannot satisfy due process. Defendant argues that its business is organized and exists in New York, that it has performed no services in Kansas and that it has never advertised in Kansas. Defendant also notes that the parties did not negotiate or execute the agreement in Kansas, and that no transactions between the parties have occurred in Kansas. Plaintiff asserts that specific jurisdiction is present. Plaintiff argues that defendant used plaintiff's network (which allowed calls to begin or terminate in Kansas and was managed from Kansas), agreed to Kansas law in a prior agreement, and received invoices which noted that it was subject to jurisdiction in Kansas.

Kansas may assert specific jurisdiction over out-of-state defendants if they "purposefully directed . . . activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Id. at 472.  When a contract is the basis for specific jurisdiction, a court must consider

"prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." Equifax, 905 F.2d at 1358 (citation omitted). To decide specific jurisdiction, the Tenth Circuit applies a three-part test:

> (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.

Packerware Corp. v. B & R Plastics, Inc., 15 F. Supp.2d 1074, 1078 (D. Kan. 1998) (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1419 (10th Cir. 1988)).

The following factors support the exercise of personal jurisdiction:

1. Mushahada entered into a contract with a Kansas resident.

2. The SWMSA provided for defendant's use of telecommunication services on a network located in Kansas. Cf. Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1248 (10th Cir. 2000) (defendant's use of computer network or network service located in particular state creates sufficient contacts for personal jurisdiction).

3. The telecommunications services which defendant offered to its customers under the SWMSA are nationwide and the agreement included rates to and from Kansas. See Attachment D-1 to Exhibit 1, Sprint Wholesale Master Services Agreement, to Petition for Damages (Doc #1) filed April 28, 2005.

4. In a previous credit agreement, Mushahada agreed that in the event of a dispute under the agreement, the proper venue and site of any legal action shall be "the District Court of Johnson County, Kansas or the U.S. District Court for the District of Kansas located in Wyandotte County, Kansas." See Equifax, 905 2d at 1358 (court should consider course of dealing).

5. In the SWMSA, Mushahada agreed that the agreement is governed by "the laws of the State of Kansas" and that in the event a dispute under the agreement is submitted to arbitration, the arbitration must be held in Overland Park, Kansas and that any discovery would be governed by the local rules of the District of

Kansas. See id.; Caldwell-Baker Co. v. S. Ill. Railcar Co., 183 F. Supp.2d 1301, 1307 (D. Kan. 2001) (defendant can reasonably anticipate being haled into court in Kansas given a Kansas choice of law provision).

6. Each invoice from Sprint to Mushahada included a notice that Mushahada was subject to jurisdiction in Kansas under subsection (b)(11) of the Kansas long-arm statute because "it arranged for or continued to receive phone service managed, operated or monitored in the State of Kansas." Exhibit 1 to Gadson Affidavit. Mushahada therefore knew that Sprint would at least partially perform the contract in Kansas. See Pehr v. Sunbeam Plastics Corp., 874 F. Supp. 317, 321 (D. Kan. 1995) (defendant's knowledge that contract would be partially performed in Kansas favors finding of minimum contacts).

Based on these factors, defendant could have reasonably anticipated that if a dispute arose under the SWMSA, it could be haled into court in Kansas. See Burger King, 471 U.S. at 474. At this stage, plaintiff has met its burden to show a prima facie case for jurisdiction. The Court therefore overrules defendant's motion to dismiss for lack of personal jurisdiction.

## II.     Motion To Transfer

Defendant also seeks to transfer venue to the Eastern District of New York. Motions to transfer are governed by 28 U.S.C. § 1404(a), which provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). The moving defendant bears the burden of proving that the facts weigh heavily in favor of transfer, and the plaintiff's choice of forum is afforded "great weight." Allstate Ins. Co. v. Employers Reinsurance Corp., 715 F. Supp. 1502, 1503 (D. Kan. 1989); see also Dow Chem. Corp. v. Weevil-Cide Co., 630 F. Supp. 125, 130 (D. Kan.

1986) (unless balance of consideration is strongly in favor of moving party, plaintiff's choice of forum should not be disturbed).

The Court must consider the following factors in determining whether to transfer a case:

the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp., 928 F.2d at 1516. Defendant has not met its burden to show that a transfer of venue is justified under the facts of this case. In particular, defendant has not shown that the potential costs and inconvenience to it of litigating this matter in Kansas significantly outweigh the corresponding costs and inconvenience to plaintiff of litigating the matter in New York. A transfer of this case likely would simply shift any inconvenience to plaintiff. Without more, this Court will not disturb plaintiff's legitimate choice of forum. Therefore the Court overrules defendant's motion to transfer.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss (Doc. #4) filed May 10, 2005 be and hereby is **OVERRULED**.

Dated this 29th day of July, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge